Carmen Rosario Marrero et al., Plaintiffs and Appellees, *v.* José Jiménez, Defendant and Appellant.

No. 8858. Argued January 28, 1944.—Decided March 31, 1944.

*José Veray, Jr.,* for appellant.   *Luis Antonio Rosario* for appellees.

Mr. Justice De Jesús delivered the opinion of the court.

The controversy herein hinges on the question of whether the lower court committed error in weighing the evidence.

The evidence for the plaintiffs and appellees tends to show that they are the sole and universal heirs of their mother, Práxedes Marrero, known also as Pasita Marrero, who at her death on July 14, 1937, left a house belonging exclusively to her and valued at $550, built by her in 1921. To support their title of ownership to the house, the plaintiffs and appellees, besides oral evidence, introduced the following documentary evidence which was admitted: (*a*) private document of June 5, 1923, wherein Laureano Rodríguez and Dionisio Medina stated that they had built for Práxedes Marrero a wooden house roofed with zinc, with money and materials supplied by said lady; (*b*) a permit signed by, a health engineer of the district, dated July 15, 1921, authorizing Práxedes Marrero to move a wooden house to Comercio Street in Aguadilla, (*c*) a receipt of $1.00 signed by the municipal assistant collector of Aguadilla and dated August 4, 1921, in favor of said lady for a license to build a house on Comercio Street in Aguadilla, and (*d*) a plat submitted to the Health Department seeking a permit to move a house belonging to her to a lot in Comercio Street in Aguadilla, which plat is endorsed by the Municipal Commissioner of Health, Mr. B. Jiménez Serra, on July 7, 1921.

One of the plaintiffs further testified that Práxedes Marrero, her predecessor, during her life had rented a room in said house to the defendant for $3.00 monthly; that after her death, her daughters, the appellees, asked the appellant to vacate the room; that he refused to surrender the same for which reason they brought an action of unlawful detainer against him. That in order to give rise within the action

of unlawful detainer to a conflict of titles, as he succeeded in doing, the defendant prepared a certificate of construction signed by defendant himself on October 14, 1937, before Notary José Veray, Jr., his attorney, which certificate he introduced in evidence in the action of unlawful detainer, thus obtaining a dismissal of the complaint due to the conflict of titles to which that gave rise, as we stated above, for which reason the plaintiffs were bound to file a revendication suit wherein the judgment appealed from was rendered.

The evidence for the defendant tended to show that the house in controversy was built by him and in support thereof he introduced the certificate of construction above referred to in the testimony of the plaintiffs. It further tended to show that said house was worth much less than $500 and on this ground he challenged the jurisdiction of the court. The defendant further testified that about the year 1919, after the house had been built by him, Práxedes Marrero, predecessor of the plaintiffs and appellees, came to live with him as his concubine, and that at her death they were still living as husband and wife.

The defendant admits that the plaintiffs are the sole heirs of Práxedes Marrero, but maintains that since the house did not belong to Práxedes Marrero, they have no right to the same.

The court decided the conflict in favor of the plaintiffs and we can not hold that in so doing it committed manifest error.

We agree that the lower court committed error in admitting in evidence the document signed by Laureano Rodríguez and Dionisio Medina, who should have testified personally, thus offering the defendant an opportunity to cross-examine them. The certificate of construction introduced by the defendant was likewise inadmissible since it clearly appeared that it was self-serving evidence. But disregarding

the document signed by Laureano Rodríguez and Dionisio Medina, the other evidence of the plaintiff is sufficient to support the conclusion reached by the trial court, for which reason the judgment appealed from must be affirmed.